IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DESHUN DERFETTA REAVES,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | Case No. 2:16-cv-08077-RDP |
| ) | 2:09-cr-00515-RDP-JEO |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## **MEMORANDUM OPINION**

This matter is before the court on Petitioner Deshun Derfetta Reaves' Motion to Vacate, Set Aside, or Correct Sentence, filed pursuant to 28 U.S.C. § 2255. (Civil Doc. # 1; Cr. Doc. # 30).[1] For the reasons explained below, the motion is due to be denied.

**I.     Background**

In 2010, Reaves pleaded guilty to the following crimes: (1) two counts of possession with the intent to distribute marijuana (counts 1 and 4); (2) two counts of being a felon in possession of a firearm (counts 3 and 6); and (3) two counts of carrying a firearm during and in relation to a drug trafficking crime (counts 2 and 5). (Cr. Docs. # 29, 31). He was sentenced to 384 months of imprisonment for these crimes, broken down as follows: 24 months as to counts 1, 3, 4, and 6 (all to be served concurrently); a consecutive 60 months as to count 2; and a consecutive 300 months as to count 5. (Cr. Doc. # 29 at 2).

In 2016, Reaves filed a § 2255 motion. (Civil Doc. # 1; Cr. Doc. # 30). He seeks to have his sentence reduced on the basis of the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S. Ct. 1257 (2016). (*Id.* at 8-10). For the

---

[1] Citations to "Civil Doc." refer to the docket sheet for this civil case, 2:16-cv-08077-RDP. Citations to "Cr. Doc." refer to the docket sheet for Reaves' criminal case, 2:09-cr-00515-RDP-JEO.

reasons explained below, *Johnson* and *Welch* provide no basis to reduce Reaves' sentence, and his § 2255 motion is therefore due to be denied.

**II.     Analysis**

Federal law forbids certain people, including convicted felons, from possessing firearms. *See* 18 U.S.C. § 922(g). Felons who violate this law generally may be punished by up to 10 years' imprisonment. *Id.* § 924(a)(2). "But if the violator has three or more earlier convictions for a 'serious drug offense' or a 'violent felony,' the Armed Career Criminal Act increases his prison term to a minimum of 15 years and a maximum of life." *Johnson*, 135 S. Ct. at 2555.

Statutory language known as the Act's "residual clause" defines the term "violent felony" to include any felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at 2555-56 (quoting 18 U.S.C. § 924(e)(2)(B)) (emphasis omitted). In *Johnson*, the Supreme Court held that this residual clause is unconstitutionally vague. 135 S. Ct. at 2555-57. For that reason, increasing a defendant's sentence under the residual clause denies due process of law. *Id.* at 2557. Less than a year later, in *Welch v. United States*, the Court held that its decision in *Johnson* applied retroactively on collateral review. 136 S. Ct. at 1265.

Though Reaves bases his § 2255 motion entirely on *Johnson* and *Welch*, those decisions have no application to his case. Reaves did plead guilty to two counts of being a felon in possession of a firearm, but he was not sentenced under the Armed Career Criminal Act ("ACCA") for those crimes. Rather than receiving a fifteen-year mandatory minimum sentence under ACCA, Reaves received only a two-year sentence for the felon-in-possession counts (to be served concurrently). (Cr. Doc. # 29 at 1-2). Thus, the sentence he received for his felon-in-possession counts cannot have transgressed *Johnson*.

Reaves also argues that *Johnson* renders unconstitutional the sentence he received for two counts of carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). That statute imposes an enhanced sentence upon "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm . . . ." *Id.* § 924(c)(1)(A). Reaves argues the term "crime of violence" in § 924(c)(1)(A) is unconstitutionally vague under *Johnson*. (Civil Doc. # 1 at 8-10). The term "crime of violence" in § 924(c) is defined (using language similar to ACCA's residual clause) to include any felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). This residual-clause definition of "crime of violence," Reaves contends, shares the same constitutional defect as the residual-clause definition of "violent felony" that was held unconstitutional in *Johnson*.

The Supreme Court has agreed to resolve this term whether *Johnson* and the Court's more recent decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) render the residual clause of § 924(c)'s definition of "crime of violence" unconstitutionally vague. *See United States v. Davis*, 139 S. Ct. 782 (2019). But, even assuming that § 924(c)'s definition of "crime of violence" is unconstitutionally vague, that would not entitle Reaves to any relief. That is because Reaves was not convicted and sentenced for carrying a firearm during and in relation to a "crime of violence." Instead, he pleaded guilty to and was sentenced for carrying a firearm during and in relation to a "drug trafficking crime." (Cr. Docs. # 16 at 2, 4; 29 at 1; 31 at 9-10, 19-27). Reaves does not argue that *Johnson* or *Dimaya* renders the term "drug trafficking crime" unconstitutionally vague, nor could he credibly do so. Accordingly, *Johnson* provides no basis to reduce Reaves' sentence.

3

Because *Johnson* provides no basis to reduce Reaves' sentence, his § 2255 motion fails on the merits. Additionally, to the extent his § 2255 motion is based on grounds other than a "right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," the motion is untimely. 28 U.S.C. § 2255(f)(3). That is so because, absent a newly recognized and retroactively applicable right (or certain other circumstances not present here), § 2255's one-year limitation period runs from the date on which the judgment of conviction becomes final. *Id.* § 2255(f)(1). Reaves' judgment of conviction became final in 2010 (Cr. Doc. # 29), thereby placing this § 2255 motion (filed in 2016) well outside the one-year limitation period.

### III. Conclusion

For the reasons explained above, Reaves is not entitled to postconviction relief on his § 2255 motion. The motion is accordingly due to be denied. A separate order consistent with this memorandum opinion will be entered.

**DONE** and **ORDERED** this June 18, 2019.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE